**Andre R. Sobolevsky, Esq.**
**22 River Terrace, Suite 9F**
**New York, NY 10282**
**917-318-1733**

Mr. Simon W. Reiff
Itkowitz & Harwood
305 Broadway, 7th Floor
New York, NY 10007

Dated: Thursday, August 11, 2011

Re:   Bankruptcy Case No: 10-14415
      Adversary Case No: 11-01272
      NY Court Services LLC v. Andre Sobolevsky

Dear Mr. Reiff,

  Please consider this letter as my response to your letter dated July 18th, 2011 and all subsequent correspondence, messages and emails concerning the same issue, namely joint pretrial order currently due by August 15th, 2011.

  I am stipulating to the facts in paragraphs one (1) through twenty seven (27) contained in your July 18th, 2011 letter, mentioned above. I am also stipulating to the paragraphs thirty (30), thirty one (31), thirty five through forty one (35-41), and forty four through fifty three (44-53).

  I am objecting to the allegations contained in paragraph twenty eight (28) and twenty nine (29). The reasons for my objection is that such statements create a misleading and inaccurate impressions that your client was not notified of my bankruptcy petition, or otherwise did not have actual or constructive notice. In fact, the opposite is true. There is an extensive legal discussion on this issue during the deposition between yourself and Mr. Gershburg, my then attorney of record in bankruptcy proceedings and during the deposition. All of it should be included so that the Court may reach a proper determination of facts and conclusions of law. Furthermore, during the same deposition I stated that I released all information about all of my creditors to my attorney and relied on my counsel's advice, that the petition was filed properly and that the information within it was complete. Last but not least, Mr. Gershburg graciously consented to your request and filed an amended petition; which makes this issue moot.

  I am objecting to paragraph thirty two (32) as incomplete and; therefore, misleading. I also stated during the same answer that I informed Mr. Tilton of the 341 Meeting scheduled for Monday and asked him, if he intends to be there; to which he replied that he will get back to me. The deposition also contains your statement to Mr. Gershburg, during one of your many discussions that Mr. Tilton

should have been there. All of this should be included before I can stipulate to partial statement contained in paragraph thirty two.

I object to paragraph thirty three (33) as completely inaccurate in my opinion. Upon information and belief, the Bankruptcy Court had a duty to notify your and, did so, in accordance with the legal advise I had received from my counsel.

I also object to paragraph thirty four (34). As I testified during the deposition, Mr. Itkowitz stopped me on a street and engaged in a conversation with me concerning the debt. He did so after his limited liability company, of which he is a principal member and a manager, NY Court Services, received notification of my bankruptcy; upon information and belief.

I have an objection to paragraphs forty two (42) and forty three (43). In accordance with New York's engagement letter or retainer rule 1215, I had no duty to create, preserve or maintain retainers agreements, as all of them were covered by NYS Rules of professional Conduct (RPC) 1215.2. I could not violate a duty I did not have. Namely, as I testified during the deposition I did not practice matrimonial law nor had any contingency agreements, which are covered by other rules. Rule 1215.2 specifically exempts retainers of less the three thousand dollars from being in writing.

I have no objections to your trial exhibits. I have no exhibits nor witnesses to call. I do object to your proposal to admit an affidavit of Jay B. Itkowitz. He should testify in person and be cross examined to his knowledge of the scope and nature of my practice. He had such actual knowledge beginning from approximately 2003 and ending in 2008. Both him and I had a number of conversations over the years concerning my practice. More importantly, as my landlord, he had actual knowledge of all of the leases, sizes of my office space and expenses associated with it. As a landlord he controlled and leased my telephone line, copy machine, and the number of filing cabinets, which I had to rent from him on monthly basis. He also controlled the server, which contained all tenants' emails and electronic data. If Mr. Itkowitz fails to testify in person, his affidavit should be inadmissible.

*Defendant's response to the plaintiff contentions of fact and law:*

The plaintiff failed to meet his burden of proof in accordance with § 11 U.S.C. 727. Namely, plaintiff received defendant's tax returns, which defendant filed jointly with his spouse and which show the total income received for relevant years. Prior to beginning of this adversary proceeding in otherwise no-asset case, plaintiff

conducted extended deposition concerning the defendant's income, assets as well as scope and nature of defendant's practice. Last but not least, the plaintiff is in a unique position of knowledge of defendant's scope and nature of legal practice since plaintiff was defendant's landlord for approximately five years. In this unique position, the plaintiff had actual knowledge of the size of defendant's practice, its nature, the amount of space and all expenses associated with it like copying services and telephone calls; which plaintiff maintained, monitored and billed for exclusively per lease agreements. The plaintiff also provided and required all tenants, including defendant to use it exclusively a computer service, network or server, which maintained all incoming and outgoing emails. They continue to be in plaintiff's exclusive possession as of today's date.

Additionally, both plaintiff and defendant engaged in a number of personal conversations concerning defendant's practice, its size and nature over the years in a social setting; which usually took place in plaintiff's office or hallways of plaintiff's office space. The plaintiff has always been and continues to be in the exclusive possession of all written, paper and electronic record concerning the defendant's practice.

The plaintiff is the largest creditor in the case at bar. This fact developed as a result of deterioration of defendant's practice and eventual abandonment of the lease and leasehold possessions. Prior to that event taking place, both the plaintiff and defendant in this case reached a number of verbal agreements pursuant to which the plaintiff permitted defendant to keep the office space while accumulating arrears for monthly rent payments. Clearly, the plaintiff had actual knowledge that defendant's law practice was getting smaller every month and that defendant was unable to pay rent. As a result, some of those agreements called for defendant to give back some of the offices space and plaintiff's actual inquiries by the plaintiff into the defendant's law practice expenses to make sure they were appropriate. It is unreasonable and disingenuous for the plaintiff now to maintain that it is impossible for plaintiff to ascertain defendant's financial position and material business transactions due to lack of business records.

The deterioration and negative changes in defendant's law practice are also supported by the Summary Order from the Second Circuit Court of Appeals, which plaintiff included in its list of exhibits for submission. Even prior to issuance of such and order, the defendant terminated his practice, closed his office location, returned all the files to the clients and moved into his residence the address of which continues to be on the required registration with New York Court Administration. The plaintiff is familiar with both the order and registration requirements as well as with all the relevant facts leading to it as testified during the deposition in this case.

The plaintiff has had in his possession combination of defendant's tax returns for all the relevant years, all office leases and agreements, written records of expenses associated with the defendant's law practice and all electronic data like personal emails of defendant as well as all the emails to and from clients of the defendant at the time he leased space form the plaintiff. The plaintiff has in his possession actual court orders and results of investigation of defendant's law practice during the relevant time. The plaintiff conducted a five hour deposition of the defendant. Therefore, the plaintiff has enough information to ascertain the

defendant's financial condition and track defendant's financial dealings with substantial accuracy for a reasonable period past to present.

The plaintiff submits a misleading argument and reaches an erroneous conclusion that defendant was obligated by law to create and maintain written retainers agreement and otherwise keep written records. The facts of cases plaintiff cites in support of such an argument can be easily distinguished form the case at bar. The plaintiff's contention of fact and law fails to cite any New York State Rules of Professional Conduct (RPC) in support of its argument. More specifically, the plaintiff fails to cite Rule 1215.2, which specifically exempts retainer agreements of less then $3,000.00 (three thousand) dollars from being required to be in writing. Other rules governing matrimonial, divorce cases and personal injury cases, which require such agreements to be in writing do not apply here, as the defendant does not have any of hose types of cases now and did not have them in the past.

The plaintiff also fails to take into account the superseding cause of the investigation by the Second Circuit Grievance Committees, the termination of then existing defendant's practice at the relevant times. The plaintiff completely ignores the downsizing of the law practice and its relocation to a personal residence of the plaintiff; who no longer had office space, nor administrative expenses associated with it. As the deposition revealed, there was no legal, ethical or other requirement for the plaintiff to maintain written records. The law practice has become very small in scope and limited in nature and required no written records. The defendant testified during the deposition that he essentially retired.

The defendant also testified during the deposition that he became depressed during these times and for that reason defaulted on the NYS action brought by the plaintiff against defendant. Some courts take into the account the debtor's state of mind, when determining the reasonableness of debtor's conduct. All of the above facts, explain the defendant's conduct who remains free from allegation of any egregious conduct in the case at bar from any one, be it the Trustee, the Court or for that matter the plaintiff and whose conduct in this case remains otherwise reasonable. Wherefore, the Court should dismiss this Complaint and discharge the debtor in accordance with the law.

Respectfully Submitted,

Andre R. Sobolevsky.

Cc: Clerk of the Court